LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEIL ALLEN, *on behalf of himself, FLSA Collective Plaintiffs and the Class*, <br><br> Plaintiff, <br><br> v. <br><br> QUALITY FACILITY SOLUTIONS CORP d/b/a QUALITY FLOORSHINE d/b/a QFS, BIM CLEANING SERVICES INC., JOHN DOE CORPORATIONS 1-100, ESTHER FALKOWITZ, and BRENDAN PACHECO, <br><br> Defendants. | Case No.: <br><br> **CLASS AND COLLECTIVE ACTION COMPLAINT** <br><br> Jury Trial Demanded |

Plaintiff NEIL ALLEN ("Plaintiff ALLEN," or "Plaintiff"), on behalf of himself, FLSA Collective Plaintiffs and the Class, by and through his undersigned attorneys, hereby files this class and collective action Complaint against Defendants QUALITY FACILITY SOLUTIONS CORP d/b/a QUALITY FLOORSHINE d/b/a QFS ("QUALITY"), BIM CLEANING SERVICES INC. ("BIM"), JOHN DOE CORPORATIONS 1-100 (collectively "Corporate Defendants"), ESTHER FALKOWITZ, and BRENDAN PACHECO, (collectively with the Corporate Defendants, "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) liquidated damages and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid wages due to time-shaving, (3) unpaid spread of hours premium, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

3.   Plaintiff additionally alleges that, pursuant to the Internal Revenue Code, 26 U.S.C. § 7434, he and others similarly situated are entitled to damages and fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

4.   Plaintiff further alleges that Defendants breached their contract with Plaintiff and Class members by failing to pay employer payroll taxes for Plaintiff and Class members, as required by the Federal Insurance Contribution Act ("FICA").  Plaintiff also alleges that, in retaining these sums for themselves, Defendants unjustly enriched themselves at the expense of Plaintiff and Class members.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over the state law claims of Plaintiff, FLSA Collective Plaintiffs and members of the Class pursuant to 28 U.S.C. §1367.

6.      Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

7.     Plaintiff ALLEN is a resident of Queens County, New York.

8.     Defendant QUALITY operates primarily as a maintenance and construction company, providing the following types of services to buildings and industries throughout New York: (i) cleaning, (ii) maintenance, (iii) construction, (iv) building superintendents, (v) security, and (vi) concierge services. In addition to providing maintenance services to private entities, who operate office complexes, municipal complexes, high-rises, hospitality services, senior care centers, and hospitals, Defendant QUALITY also maintains corporate properties with full ownership of each facility's maintenance and management needs.

9.     Defendant QUALITY is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 75 Taaffe Place, Brooklyn, NY 11205, and an address for service of process located at 199 Lee Ave, Brooklyn, NY 11211.

10.    Defendant BIM was a service provider, owned and/or affiliated with Defendant QUALITY.  Defendants QUALITY and BIM entered into the service agreement.  In accordance with Defendant QUALITY and BIM's service agreement, Defendant BIM agreed to hire, provide employees to work at Defendant QUALITY job sites, and manage payroll of employees' working at Defendant QUALITY job sites.  For employees provided by BIM, Defendant QUALITY would set the employees' schedules, keep track of employees' time, supervise, manage employees, and provide tools and equipment necessary for employees' work.  Defendant BIM and Defendant QUALITY shared employer functions and operated as joint employer as to all employees provided by Defendant BIM.

11.    Defendant BIM is a domestic business corporation organized under the laws of the State of New York with a principal place of business located at 97-34 Cresskill Place, Second

3

Floor, Jamaica, New York 11435, and an address for service of process located at 81-10 135 Street, Jamaica, New York 11435.

12.     The Defendants are associated and are joint employers, who act in the interest of each other with respect to the employees of the Defendants.  Defendants have common policies and practices as to wages and hours, and share control over the Defendants' employees, dictating the time, place, and manner of Plaintiffs' and Class Members employment.

13.     All Defendants operated as a single integrated enterprise, under the common control of the Defendant QUALITY.  Specifically, the Defendants are engaged in related activities, share common ownership, and have a common business purpose:

    a) Defendants QUALITY and BIM are engaged in the same business of offering cleaning services in New York City;

    b) Defendants QUALITY and BIM maintain a shared timekeeping and payroll system whereby BIM was intended to be the company responsible for issuing checks to employees for their hours worked for the week.  However, Defendant QUALITY had ultimate authority over payment of employee checks and directed employees specifically where, when, and from whom to pick up their paychecks. These locations would vary from time to time at the direction of Defendant QUALITY. The names and address of such locations included Punto Rojo, 147-16 Hillside Avenue, Queens, New York 11435 and Nutripan2, 8844 Sutphin Boulevard, Briarwood, New York 11435. Defendant QUALITY would direct employees to pick up their paychecks at Defendant QUALITY' main office located at 75 Taaffe Place, Brooklyn, New York 11205 or the various off-site locations in Queens, none of which were business premises of Defendant BIM;

    c) When employees noticed discrepancies in their compensation owed and complained to Defendant BIM, BIM would redirect their inquiries to Defendant QUALITY. Defendant QUALITY would respond to employees' complaints by refusing to compensate them for any shortfall or discrepancy in their pay;

    d) employees would receive a paycheck that was signed by BIM Cleaning Services, Inc., but the vehicles that would drop off supplies for employees for work were marked with a "Quality Floorshine" logo;

    e) Employees were paid through BIM's payroll, but retrieved their time-sheets from Quality employees such as Tully Wiess, and these timesheets had the QUALITY logo on top.

f)  Employees were often required to show up at QUALITY's Brooklyn headquarters on Taaffe place to pick up their paychecks.

g)  Vehicles that dropped off supplies at worksites were marked with a QUALITY logo.

h)  Employees would make complaints to about pay shortfalls directly to QUALITY employees at QUALITY's headquarters on Taaffe Place to complain about shortfalls in his pay. There he would often encounter Tully Weiss, an employee of QUALITY.

i)  There is also ample evidence that BIM cannot operate without the cooperation of QUALITY. Attached to this Memorandum as **Exhibit A** is a copy of the *Yellow Pages* online search result for Defendant BIM, available at https://www.yellowpages.com/jamaica-ny/mip/bim-cleaning-services-inc-546202914. The *Yellow Pages* search results lists BIM's place of business as 97-34 Cresskill Place, 2nd Floor, Jamaica, NY 11435. And a Google search reveals this is just the second-floor apartment of a two-story residential building in a residential neighborhood, without any of the markers of a cleaning and construction business;

j)  The "Visit Website" hyperlink, "www.bimcleaningservices.com," is a dead link, as shown by **Exhibit B**; and

k)  Rates of pay of employees are jointly set by Defendant QUALITY and Defendant BIM.

14.  Individual Defendant ESTHER FALKOWITZ is the Chief Executive Officer of Defendant, QUALITY FACILITY SOLUTIONS CORP. At all relevant times, Defendant ESTHER FALKOWITZ has exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. Defendant ESTHER FALKOWITZ has exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all relevant times, employees could complain to Defendant ESTHER FALKOWITZ regarding any of the terms of their employment, and Defendant ESTHER FALKOWITZ possessed the authority to effect any changes to the quality or terms of their employment. Defendant ESTHER FALKOWITZ ensured that employees effectively served customers and exercised functional control over the business and financial operations of

Corporate Defendant. Defendant ESTHER FALKOWITZ had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

15.     Individual Defendant, BRENDAN PACHECO, is the Chief Executive Officer of Defendant BIM. At all relevant times, Defendant BRENDAN PACHECO exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. Defendant BRENDAN PACHECO exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee work schedules, and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all relevant times, employees could complain to Defendant BRENDAN PACHECO regarding any of the terms of their employment, and Defendant BRENDAN PACHECO possessed the authority to effect any changes to the quality or terms of their employment. Defendant BRENDAN PACHECO ensured that employees effectively served customers and exercised functional control over the business and financial operations of Corporate Defendant. Defendant BRENDAN PACHECO had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs and Class members, and could reprimand employees.

16.     Defendants JOHN DOE CORPORATIONS 1-100, like BIM, are corporate entities owned and/or affiliated service providers of QUALITY, with whom Defendant QUALITY entered into service agreements and shared control and acted as joint employers for employees working at Defendant QUALITY's job sites.

17.     At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and regulations thereunder.

18.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff ALLEN brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees, including, but not limited to, laborers, flagman, foreman assistants, doormen, security, concierge, machine operators, and cleaners employed by Defendants on or after the date that is six years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

20.     At all relevant times, Plaintiff and other FLSA Collective Plaintiffs have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules—all of which have culminated in a willful failure and refusal by Defedants to pay Plaintiff and FLSA Collective Plaintiffs their proper (i) overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours each week, and (ii) compensation for all hours worked but for which they have not yet compensated due to Defendants' time-shaving practices. The claims of Plaintiff as stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

21.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

22.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to laborers, flagman, foreman assistants, doormen, security, concierge, machine operators, and cleaners, who were employed by Defendants, throughout New York State, on or after the date that is six (6) years before the filing of the Complaint in this case (the "Class").

23.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the titles of the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

24.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

25.     Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class members were subject to the same corporate practices of Defendants, as alleged herein, including but not limited to Defendants' (i) failing to pay proper overtime compensation for all hours worked in excess of forty (40) hours each week; (ii) failing to pay regular and overtime compensation for all hours worked due to a practice of time-shaving, (iii) failing to pay spread of hours premium, (iv) failing to provide Class members with proper

wage statements in compliance with the New York Labor Law, and (v) failing to properly provide wage and hour notices to Class members upon hiring and as required thereafter, pursuant to the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures carried out by Defendants.

26.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

27.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would

result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

28.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

29.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a)  Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

    b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class;

    c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their work;

d)  Whether Defendants failed to properly compensate Plaintiff and Class members for overtime under state and federal laws for all hours worked in excess of forty (40) each week;

e)  Whether Defendants failed to compensate Class members for all hours worked due to a policy of time-shaving;

f)  Whether Defendants failed to pay Plaintiff and Class members spread of hours premium for each work shift exceeding ten (10) hours in duration;

g)  Whether Defendants provided to Plaintiff and Class members proper wage and hour notice, on the date of hiring and annually thereafter, to all non-exempt employees, per the requirements of the NYLL; and

h)  Whether Defendants provided to Plaintiff and Class members proper wage statements with each payment of wages, as required by the NYLL.

### STATEMENT OF FACTS

30.    In or around June of 2019, Plaintiff ALLEN was hired by Defendants, to work as a general labor worker at various construction sites throughout the greater New York City area. Plaintiff ALLEN's employment was terminated in or around February of 2020.

31.    Throughout his employment with Defendants, Plaintiff ALLEN routinely worked in excess of forty (40) hours per week.

32.    Specifically, Plaintiff ALLEN worked five (5) days per workweek for at least eight and a half (8.5) hours per workday.  Plaintiff worked from 7:00 a.m. to 4:00 p.m. with an automatically deducted thirty (30) minute meal break.  Throughout Plaintiff's employment, despite working at least forty-two and a half (42.5) hours a week, Defendants compensated plaintiff by personal check, with no paystub or IRS deductions, at a straight time rate of $15.00 an hour.

33.     Plaintiff ALLEN observed that FLSA Collective Plaintiffs and Class members worked similar hours and suffered similar unpaid overtime due to Defendants' policy of straight time pay for hours worked in excess of forty (40) each week.

34.     Additionally, approximately three times per week, Defendants required Plaintiff to work through his automatically deducted thirty (30) minute meal break even.  When Plaintiff FLSA Collective Plaintiffs and Class members worked through their meal break, Defendants would still automatically deduct thirty (30) minutes from their compensable time.

35.     Plaintiff ALLEN observed that FLSA Collective Plaintiffs and Class members worked similar hours and suffered similar unpaid wages and overtime due to Defendants' policy of time-shaving and failing to pay employees proper overtime compensation for all hours worked in excess of forty (40) each week.

36.     Due to Defendants' time-shaving policy, Plaintiff ALLEN, FLSA Collective Plaintiffs and Class members did not receive his proper regular and overtime compensation for off-the-clock hours of work.

37.     As a result of Defendants' policy of paying at a straight time rate without deductions, Defendants failed to provide Plaintiff and Class members with accurate IRS Forms W-2 for all the tax years of their employment and failed to properly record, account for, and report to the IRS all monies paid to Plaintiff and Class members. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in violation of 26 U.S.C. § 7434. Under 26 U.S.C. § 7434(b), Defendants are liable for at least $5,000 to each Class member for each fraudulent filing, which would have to be at least once a year.

38.     In violating the Internal Revenue Code by failing to provide proper W-2 forms, Defendants also breached their contract with Plaintiff and Class members to pay the employer's share of Social Security and Medicare taxes for each employee.

39.     Defendants also unjustly enriched themselves at the expense of Plaintiff and Class members by retaining monies that should have been remitted to the IRS on Plaintiff's and Class members' behalf.

40.     As a result, Plaintiff and Class members will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

41.     The employer's share of Social Security taxes is 6.2%. The employer's share of Medicare taxes is 1.45%.  Accordingly, Defendants must compensate Plaintiff and each Class member 7.65% of all their earnings from Defendants beginning six (6) years prior to the filing of this Complaint.

42.     Even if Defendants could show that they paid some employees a part of their wages in check and filed the appropriate W-2s for those checks, Defendants would remain liable to those employees for failing to pay FICA taxes on the cash portion of their wages.

43.     Defendants knowingly and willfully operated their business with a policy of paying employees at a straight time rate, depriving employees of overtime premiums earned pursuant to FLSA and NYLL. Moreover, Defendants knowingly and willingly failed to pay Plaintiff, FLSA Collective Plaintiffs and the Class regular and overtime wages for all hours worked due Defendants' time- shaving practices.

44.     Defendants knowingly and willfully operated their business with a policy of not paying spread-of-hours premium to Plaintiff and Class members, in violation of the NYLL.

45.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under the NYLL.

46.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices to employees, at the beginning of employment and at dates of all wage changes thereafter, pursuant to the requirements of the NYLL.

47.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

48.     Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

49.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

51.     At all relevant times, Corporate Defendant QUALITY FACILITY SOLUTIONS CORP had gross annual revenues in excess of $500,000.

52.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) per workweek.

53.     Defendants failed to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked due to time-shaving.

54.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs, and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

56.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

57.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime, plus an equal amount as liquidated damages.

58.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

59.     Plaintiff realleges and reavers by reference all allegations in all the preceding paragraphs of this class and collective action Complaint as if fully set forth herein.

60.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

61.     Defendants willfully violated the rights of Plaintiff and Class members by failing to pay Plaintiff and Class members the proper overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours each workweek.

62.     Defendants willfully violated the rights of Plaintiff and Class members, by practicing a policy of time-shaving, in violation of the NYLL.

63.     Defendants willfully violated the rights of Plaintiff and Class members by failing to pay spread-of-hours premium for each workday that exceeded ten (10) hours in length, in violation of the NYLL.

64.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and other non-exempt employees, as required by the NYLL. Defendants are required to provide accurate and proper information on wage statements issued to employees in accordance with the NYLL.

65.     Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and other non-exempt employees with proper wage notices, at date of hiring and at dates of all wage changes thereafter, in violation of the NYLL.

66.     Due to the Defendants' NYLL violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages, including overtime, unpaid spread-of-hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

## COUNT III

**CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS**
**UNDER 26 U.S.C. § 7434(a)**
**(brought individually and on behalf of the Class)**

67.     Plaintiff realleges all the foregoing paragraphs of this Complaint as if fully set forth herein.

68.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

69.     By failing to provide Plaintiff and Class members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and the Class as wages, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

70.     Defendants knew they had a legal duty not to misrepresent to the IRS the amount of money they were paying employees. Defendants' actions were willful violations of, or showed reckless disregard for, the provisions of the Internal Revenue Code.

71.     Pursuant to 26 U.S.C. § 7434(b)(3), Defendants are also liable to Plaintiff for reasonable attorneys' fees.

## COUNT IV

### BREACH OF CONTRACT

**(brought individually and on behalf of the Class)**

72.     Plaintiff realleges and incorporates all the foregoing paragraphs as if fully set forth herein and further alleges as follows:

73.     "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … [T]he  duties of good faith and fair dealing … encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included [in the contract]." *511 W. 232nd Owners Corp. v. Jennifer Realty Co*., 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500-501, 746 N.Y.S.2d 131, 135-136, 2002 N.Y. LEXIS 1579, *10-11 (2002).

74.     When Plaintiff and Class members accepted offers of employment form Defendants, the parties entered a contract, and the covenant of good faith and fair dealing implicit therein required Defendants to pay Plaintiff and Class members in accordance with all applicable laws. This involved, *inter alia*, a duty by abide by the Internal Revenue Code and pay all required FICA taxes.

75.     Defendants breached this duty when they decided to pay Plaintiff and Class members in cash and not file proper W-2.  As a result, Plaintiff and Class members lost part of the benefit of the bargain for which they contracted, suffering a loss in the amount of the FICA taxes that Defendants should have paid on their behalf but did not.

## COUNT V

## UNJUST ENRICHMENT

### (brought individually and on behalf of the Class)

76.     Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

77.     To state a claim for unjust enrichment, a plaintiff must allege that: "(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered." *Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516, 973 NE2d 743, 950 NYS2d 333 (2012) (internal quotations omitted).

78.     Defendants were unjustly enriched when they kept for themselves money that should have been paid to the Internal Revenue Service as Defendants' employer FICA contribution. Such came at the expense of Plaintiff and Class members because they will either (1) be liable to the IRS for the employer's share or (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

79.     Accordingly, all sums that Defendants should have paid to the IRS should be disgorged from Defendants and transferred to Plaintiff and Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due by Defendants under the FLSA and the NYLL; An award of $5,000 in statutory damages to Plaintiff and each Class member under 26 U.S.C. § 7434;

d. Contractual damages for Defendants' failure to keep their promise to abide by the Internal Revenue Code and fund Plaintiff's and Class members' retirement through FICA contributions;

e. Disgorgement from Defendants of all illegally retained sums that should have gone into FICA contributions;

f. An award of unpaid regular and overtime compensation resulting from Defendants' policy of time-shaving, and which is due under the FLSA and the NYLL;

g. An award of unpaid spread-of-hours premiums due by Defendants under the NYLL;

h. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

i. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay regular and overtime compensation pursuant to the FLSA and NYLL;

j.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay spread-of-hours premium pursuant to the NYLL;

k.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l.  An award of statutory penalties, and prejudgment and post-judgment interest;

m. Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs;

n.  Designation of this action as a Class Action pursuant to FRCP 23;

o.  Designation of Plaintiff as a Representative of the Class; and

p.  Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 22, 2022

Respectfully submitted,

By:     */s/ C.K. Lee*_____
C.K. Lee, Esq.
LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*